The opinion of the court was delivered by
McÉnery, J.
The relators complain of the rulings of the respondent judge on the trial of an [offence charged against them by information for threats, violence and intimidation at the municipal election in the town of Lafayette, on May 6, 1889.
There are several alleged irregularities in the rulings of the respondent judge, but we deem it necessary to notice only one — the refusal of the judge to hear the plea of - autrefois acquit at the proper stage of the proceedings.
There were three indictments presented against the accused by the grand jury at the October session (1889) of the District Court for Lafayette parish.
At the same term of court the District Attorney filed an information charging one of the relators with having made an assault with a dangerous weapon on one Mouton. This grew out of the same transaction, the alleged intimidation, threats and violence at said municipal election.
One of the indictments, State vs. Olivier, for intimidation, threats and violence, was tried, and the defendant acquitted.
*415 The two other indictments were quashed on demurrer, on the ground that there was no law making the acts alleged in the indictment an offence against the State.
After the judgment in these cases the District Attorney, on the last day of the term, filed two other informations against the relators, charging them with the same offence which had been preferred in the quashed indictments.
Relators filed in the three pending informations motions to quash the same, on several grounds, among others, that the accused had already been put in jeopardy for the same offence charged in the information, and that they had been finally discharged upon demurrer.
On the same day, after these motions were filed, the District Attorney filed a fourth information against relators, in the matter of State vs. O. N. Voorhies et als.
On the next day relators filed a motion to quash this information, embodying the same grounds in the other motions.
Disregarding the motion of the relators, the court fixed the case on Thursday of the same week for trial.
The court refused to hear evidence on the motion, in which was contained, among other matters, the plea of autrefois acquit.
The motion contained several pleas, and, although tendered together, involved separate and distinct issues.
In his opinion for overruling the motion the District Judge says:
“ While defendants were not allowed to offer evidence on this motion, yet conceding all the facts set forth to be admitted, does it constitute grounds for quashing? As former indictment does not put defendant in jeopardy, the principle of one in jeopardy does not apply, and on general principles I conclude that such former indictment and the quashing thereof does not constitute a bar to the prosecution.”
This was gratuitous and irrelevant. The plea of autrefois acquit is a plea in bar, and the defendant may show by matter extrinsic of the record that the indictment is not maintainable. Bishop Or. Procedure, 742.
The plea is of a mixed nature, embracing both law and facts, and ordinarily, therefore, requiring a trial by jury. Id., No. 816. -
The evidence to sustain it is the record, and it is conclusive of what it recites. The identity of the parties and the offence is established by parol testimony. Id., No. 816.
*416 The judgment of the court on overruling the motion is as follows:
“ The motion to quash is for the above reasons overruled, reserving to defendants the right to try the special plea of autrefois acquit and the matter in abatement under the second ground.”
The minutes of the court show, however, that no opportunity was, afforded relators to try this plea at the proper stage of the proceedings. At the very moment the order in this case was served on the respondent judge, the trial was progressing on the plea of not guilty.
The relators, after the filing of their special plea, were arraigned and plead not guilty.
In his work on Criminal Procedure Mr. Bishop says:
“ Where the special plea and not guilty are pleaded together, the better practice is not to try them together, but to submit the former' to the jury first. Still some American courts appear to allow it when accompanied by the instruction to the jury to pass on the former first, and disregard the latter if they find on the former for the defendant. But even then a verdict of guilty with no response to the special plea will be erroneous.” 812.
The plea ought to have been submitted to the jury before the plea of not guilty was tried. Wharton Or. Law, 568.
Although the plea was tendered with other pleas, it involved a distinct issue, and should have been tried separately. Bishop Grim. Pro., 752.
It is therefore ordered and decreed that the ruling of the District Judge wherein he declined to allow the relators to adduce evidence in support of their motion to quash in so far as it sets up the plea of autrefois acquit and the subsequent rulings in said case be annulled,, and it is now ordered that he be directed to hear said motion anew, and to try said plea and admit said evidence, and farther, to proceed therein according to law, and that the restraining order herein be made peremptory until he shall have retried and determined said motion to quash.